# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL WARREN,
   Plaintiff,

v.  :  CIVIL ACTION NO. 18-CV-4921

LEHIGH COUNTY COURT OF
COMMON PLEAS, *et al.*,
   Defendants.

JAN 1 5 2019

## MEMORANDUM

RUFE, J.  JANUARY 15, 2019

Plaintiff Daniel Warren, an inmate incarcerated at SCI Forest, brings this civil action pursuant to 42 U.S.C. § 1983 and Pennsylvania law against the Lehigh County Court of Common Pleas, the "Lehigh County Clerk of Judicial Courts," Andrea E. Naugle, and the Honorable Douglas G. Reichley. Warren primarily claims that the state court's failure to properly serve him with court orders and Judge Reichley's handling of a motion to proceed *in forma pauperis* he filed in state court violated his constitutional rights. Warren seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Warren leave to proceed *in forma pauperis* and dismiss his claims with the exception of his claims against Naugle.

## I.  FACTS

Warren filed a Writ of Quo Warranto in the Commonwealth Court, which was transferred to the Lehigh County Court of Common Pleas (LCCCP). The respondents named in the writ filed preliminary objections and Warren filed preliminary objections in response. The court overruled Warren's preliminary objections. Naugle, in her capacity as Clerk of Judicial Records, mailed

1

notice of the ruling to Warren.[1] Warren did not receive the notice and the mail was returned to the court. Naugle resent the mail to Warren, but it was again returned.

Warren learned of the court's ruling when he received a brief from the respondents in support of their preliminary objections, which discussed the ruling in connection with the procedural history of the case. Accordingly, Warren filed a notice with the court informing the court that he did not receive notice of the order. The docket reflects that Warren also filed a motion seeking to dismiss the respondents' preliminary objections. (Compl. at 22.)[2] Thereafter, the court dismissed his case. Naugle mailed the court's dismissal order to Warren, but as with the last order, it was returned as undeliverable. Naugle re-mailed the order, but it was again returned.

After having failed to hear anything from the court, Warren requested a copy of the docket, which he received. He learned that his case had been dismissed and that he had not received the order. When he investigated, he learned from individuals in the prison mailroom that the mail from the court could not be delivered because it did not include Warren's inmate number on the envelope. According to the individuals in the mailroom, when mail is returned, the reason for the return is stamped on the envelope. Warren alleges that Naugle and the court were thus aware of the problem but failed to correct it by placing his inmate number on outgoing mail, thereby preventing him from being served with court orders. Warren also alleges that Naugle failed to comply with her duties under the relevant procedural rules by failing to serve him with court orders. *See* Pa. Code. § 236(a)(2).

---

[1] The Complaint identifies Naugle as "Clerk of Court of the Lehigh County Clerk of Judicial Courts," (Compl. at 4), but she is identified on the LCCCP website as the Clerk of Judicial Records. *See* https://www.lehighcounty.org/departments/clerk-of-judicial-records (last accessed Jan. 14, 2019).

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

2

Warren filed a motion to reopen his case based on the court's failure to serve him with court orders. He did not receive a response for approximately three months, so he filed an application to appeal *nunc pro tunc* seeking to appeal out of time due to the service failures. The court granted that motion because "it appear[ed] likely that there was a breakdown in the Court's operation regarding [Warren's] ability to either obtain mail or file a timely appeal." (*Id.* at 25.)

In the meantime, Warren initiated a civil action in the Lehigh County Court of Common Pleas against the Commonwealth of Pennsylvania, Lehigh County, the Lehigh County Clerk of Judicial Court, and Andrea E. Naugle, apparently based on the service failures raised in the instant case. (*See id.* at 10.) Judge Reichley, who was assigned to the case, denied Warren's motion to proceed *in forma pauperis* and required him to pay the $175 fee to proceed with the action. Warren moved for reconsideration, but Judge Reichley "disregarded" the motion and ordered the clerk to enter a judgment of *non pros*. (*Id.* at 9.) Warren moved to reopen that judgment, but his filing was returned to him on the basis that if it was a new case, he was required to pay the fee or move for *in forma pauperis* status and, if the document should have been filed in an existing case, it required a case number. (*Id.* at 31.) Judge Reichley subsequently denied the motion for reconsideration of *in forma pauperis* status.

Based on those allegations, Warren initiated the instant civil action claiming that the Defendants violated his right to access the courts and his due process rights. He also raises claims, apparently under Pennsylvania law, for "obstruction of the administration of the law," "breach of official duty," "official oppression," negligence, and abuse of process. Warren seeks declaratory judgments stating that he has been wronged, an injunction directing the reopening of his civil action that was dismissed at the preliminary objection stage so that he may have an opportunity to respond to the dismissal order, and compensatory and punitive damages.

3

## II. STANDARD OF REVIEW

The Court will grant Warren leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] Accordingly, the Complaint is subject to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Warren is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Against the Lehigh County Court of Common Pleas

To bring suit under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). State courts in Pennsylvania are not considered "persons" for purposes of § 1983 and, in any event, are generally entitled to Eleventh Amendment immunity from suit in federal court because they are institutions of the Commonwealth. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*,

---

[3] However, because Warren is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

4

426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Departments or divisions of the state courts are not subject to suit under § 1983 for the same reasons. *See Bryant v. Cherna*, 520 F. App'x 55, 57 (3d Cir. 2013) (per curiam) ("[W]e agree that both the Family Division and the Domestic Relations Section [of the Court of Common Pleas] are immune from suit.").

Based on those principles, the Court must dismiss Warren's claims against the Lehigh County Court of Common Pleas. It is not exactly clear what the "Lehigh County Clerk of Judicial Courts" refers to, but it is identified in the Complaint as "a political subdivision within the Commonwealth of Pennsylvania" with an address at the Lehigh County courthouse. (Compl. at 4.) Accordingly, it appears that this Defendant is a division of the state court that is also entitled to immunity from suit in federal court and is not a person for purposes of § 1983. The Court will therefore dismiss the claims against the "Lehigh County Clerk of Judicial Courts." Furthermore, as any damages claims against Judge Reichley and Naugle in their official capacities are essentially claims against the court and its divisions, the Court will likewise dismiss any such claims brought against the individual Defendants in their official capacities. *See, e.g., J. C. v. Ford*, 674 F. App'x 230, 232 (3d Cir. 2016) (per curiam) ("[T]he Philadelphia Adult Probation and Parole Department and its employees acting in their official capacity are entitled to immunity from damages suits."); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to

5

Eleventh Amendment immunity because official-capacity suits generally represent only another way of pleading an action against the state." (internal quotations omitted)).

## B. Requests for Declaratory Relief

"Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another." *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam) (citing *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) and *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994) (en banc)); *see also Andela v. Admini. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). As Warren essentially seeks a declaration that the Defendants' past actions violated his rights in various respects, he is not entitled to declaratory relief.

## C. Claims Against Judge Reichley[4]

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). A judge retains judicial immunity for judicial acts within his jurisdiction even if those acts are erroneous or he commits grave procedural errors. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000). The doctrine of judicial immunity applies to state law claims as well. *Langella v. Cercone*, 34 A.3d

---

[4] Only damages claims remain against Judge Reichley because the Court has dismissed Warren's requests for declaratory relief and Warren's request for injunctive relief pertains solely to his claims based on the service errors he experienced related to his writ of quo warranto. (*See* Compl. at 18.)

6

835, 838-39 (Pa. Super. Ct. 2011); *see also Weaver v. Herman*, No. 1297 C.D. 2014, 2015 WL 5444937, at *3 (Pa. Commw. Ct. June 5, 2015).

Here, Warren sued Judge Reichley based on the Judge's rulings in his civil case, over which the Judge clearly had jurisdiction. Accordingly, Judge Reichley is entitled to immunity from Warren's claims against him even if his rulings were incorrect or procedurally erroneous. The Court will therefore dismiss the claims against Judge Reichley.

### D. Claims Against Naugle

All that remain are Warren's claims against Naugle for damages and injunctive relief. The Court will permit Warren to proceed on his claims against Naugle at this time.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Warren's claims against all of the Defendants except Naugle and direct service of the Complaint on Naugle. As Warren cannot cure the defects in his dismissed claims, the Court will not provide leave to file an amended complaint as to those claims. An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.