IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WARREN,<br>　　Plaintiff,<br><br>　　v.<br><br>LEHIGH COUNTY COURT OF<br>COMMON PLEAS, *et al.*,<br>　　Defendants. | :<br>:<br>:<br>:　CIVIL ACTION NO. 18-CV-4921<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this 15th day of January, 2019, upon consideration of Plaintiff Daniel Warren's Motion to Proceed *In Forma Pauperis* (ECF No. 6), his Prisoner Trust Fund Account Statement (ECF No. 7), and his Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Plaintiff Daniel Warren, #NL-6620, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by Warren, an initial partial filing fee of $79.71 is assessed. The Superintendent or other appropriate official at SCI Forest or at any other prison at which Warren may be incarcerated is directed to deduct $79.71 from Warren's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-4921. In each succeeding month when the amount in Warren's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Warren's inmate trust fund account until the fees are paid. Each payment shall reference the

docket number for this case, Civil Action No. 18-4921. The Clerk of Court is directed to send a copy of this Order to the Superintendent of SCI Forest.

3. The Complaint is **DEEMED** filed.

4. Warren's claims against Lehigh County Court of Common Pleas, the Lehigh County Clerk of Judicial Courts, and the Honorable Douglas G. Reichley are **DISMISSED with prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's accompanying Memorandum.

5. The Clerk of Court is specially appointed to serve a written waiver request on the remaining Defendant, Andrea E. Naugle, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service request shall be accompanied by a copy of the Complaint and a copy of the Court's Memorandum and Order, and shall inform the Defendant of the consequences of compliance and failure to comply with the request. The request shall allow the Defendant at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue a summons and transmit the summons and a copy of the Complaint, along with a copy of this Order and the Memorandum accompanying this Order, to the U.S. Marshals Service for immediate service.

6. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
>
> _____
> (Signature)"

7. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Warren is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

8. Warren is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Warren shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

9. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

10. In the event a summons is returned unexecuted, it is Warren's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

11. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

_____
CYNTHIA M. RUFE, J.